UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOYCE BATISTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2427** |
| **DG LOUISIANA, LLC, ET AL.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Before the Court is Plaintiff Joyce Batiste ("Plaintiff") and Defendant DG Louisiana, LLC's ("Defendant") Joint Motion to Remand.[1] On December 3, 2025, Defendant removed this matter to this Court on the basis of diversity jurisdiction.[2] Plaintiff now stipulates that her damages do not exceed $75,000.[3] Therefore, considering the motion, the record, and the applicable law, the Court grants the motion.

On or about January 19, 2024, Plaintiff was a patron at the Dollar General Store in Hammond, Louisiana.[4] Plaintiff alleges that she tripped over a large object on the floor, causing her to fall and suffer bodily injuries.[5] On October 16, 2024, Plaintiff filed a petition for damages against Dollar General and ABC Insurance Company in the 21st Judicial District Court for the Parish of Tangipahoa.[6] On August 29, 2025 Plaintiff filed an Amended Petition, substituting Dollar

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 1

[3] Rec. Doc. 5 at 1.

[4] Rec. Doc. 1-2 at 2.

[5] *Id.*

[6] Rec. Doc. 1-2.

1

General Store for DG Louisiana, LLC and adding Stephen Leblanc, the manager of the Dollar General Store at issue, as defendants.[7] On December 3, 2025, Defendant removed the matter to this Court asserting subject matter jurisdiction under 28 U.S.C. § 1332.[8] No attorney has made an appearance for Defendant ABC Insurance Company or Stephen Leblanc. On December 8, 2025, Plaintiff and Defendant filed the instant joint motion to remand.[9]

Louisiana law prohibits plaintiffs from specifying the numerical value of their damages, the removing party must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.[10] First, the district court inquires whether it is facially apparent that the claims are likely to exceed $75,000 and, if so, removal is proper.[11] When making the "facially apparent" determination, the correct procedure is to look exclusively at the face of the complaint and ask whether the amount in controversy is likely to exceed $75,000.[12] If it is not facially apparent that the claims are likely to exceed $75,000, "the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal."[13] Once the removing party makes this showing by a preponderance of the evidence, "removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the

---

[7] Rec. Doc. 1-7.

[8] Rec. Doc. 1.

[9] Rec. Doc. 5.

[10] *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)); *Gebbia,* 233 F.3d at 882; *Allen v. R & R Oil & Gas* Co., 63 F.3d 1326, 1335 (5th Cir.1995).

[11] *Manguno,* 276 F.3d at 723; *Allen,* 63 F.3d at 1335.

[12] *Allen,* 63 F.3d at 1336.

[13] *Id.; see also Manguno,* 276 F.3d at 723.

jurisdictional amount."[14] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[15] The removing party has the burden of proving federal diversity jurisdiction.[16] Remand is proper if at any time the court lacks subject matter jurisdiction.[17]

Here, there is no dispute by the parties that amount in controversy is less than $75,000. For that reason, the Court finds that it does not have subject matter jurisdiction over this case on the basis of diversity of citizenship under 28 U.S.C. § 1332. Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion to Remand[18] is **GRANTED**. The above-captioned action is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa.

**NEW ORLEANS, LOUISIANA**, this  10th  day of December, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Fairchild v. State Farm Mut. Automobile Ins. Co.,* 907 F.Supp. 969, 970 (M.D. La. 1995) (citing *De Aguilar,* 47 F.3d at 1412).

[15] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

[16] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[17] *See*, 28 U.S.C. § 1447(c).

[18] Rec. Doc. 5.